UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LATASHA M.,

                                                 DECISION AND ORDER

                        Plaintiff,

                                                 22-CV-0966DGL

                    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                        Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On January 7, 2015, plaintiff, then thirty-five years old, filed applications for a period of disability and disability insurance benefits, and supplemental security income, alleging an inability to work since April 1, 2008. Her applications were initially denied. Plaintiff requested a hearing, which was held via videoconference on June 13, 2017 before Administrative Law Judge David J. Begley. ALJ Begley issued a decision on November 16, 2017, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #5 at 1279-91). Plaintiff appealed to the Appeals Council, which on August 10, 2020, reversed and remanded the matter for further proceedings. (Dkt. #5 at 1309-10).

On remand, the matter was referred to ALJ William M. Weir (the "ALJ"), who held supplemental telephonic hearings April 30, 2021, and January 31, 2022. On August 15, 2022, the ALJ issued a new decision, again finding plaintiff not disabled. (Dkt. #5 at 1183-98).

Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #9), and the Commissioner has cross moved (Dkt. #12) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, reflecting diagnosis and treatment for degenerative joint disease of the knees, persistent depressive disorder, and obesity, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #5 at 1186). The ALJ also found that plaintiff had the non-severe impairments of degenerative disc disease, and degenerative joint disease of the shoulders. *Id*.

Applying the special technique for mental impairments, the ALJ determined that plaintiff has no limitation in understanding, remembering, and applying information, a mild limitation in interacting with others, a mild limitation in maintaining concentration, persistence, and pace, and a moderate limitation in adapting or managing herself. (Dkt. #5 at 1188).

The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work, with additional limitations. She can lift and carry up to 20 pounds occasionally and 10 pounds frequently. She can sit for up to 1 hour at a time and 6 hours total, and stand or walk for

up to 30 minutes at a time and 2 hours total, in an 8 hour workday. She does not require transition time off-task when changing between activities. She cannot work at unprotected heights, or around dangerous machinery, tools or chemicals. She cannot use ladders, ropes, or scaffolds, but may occasionally use ramps and stairs. She can occasionally use bilateral foot controls, stoop, and crouch, but may never kneel or crawl. Finally, she is limited to performing simple, routine tasks. (Dkt. #5 at 1189, 1232).

When presented with this RFC as a hypothetical, vocational expert Elaine Cogliano testified that an individual of plaintiff's age (younger individual) and educational level (limited) could not return to plaintiff's past relevant work as a certified nurse's aide, but could perform the representative unskilled, light exertion jobs of sorter and inspector. (Dkt. #5 at 1197-98, 1250-51). The ALJ accordingly found plaintiff not disabled.

I.   **The ALJ's Assessment of Medical Opinion Evidence**

An ALJ's "[d]eviation from [a] remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989).

One of several reasons for the previous remand of this matter was the prior ALJ's failure to properly consider the opinion of consulting psychologist Dr. Janine Ippolito. Dr. Ippolito had indicated, among other things, that plaintiff would have "moderate" limitations due to stress. The Appeals Council (Dkt. #5 at 1309-10) found that the initial decision erred in giving "some weight" to Dr. Ippolito's opinion, but failing to meaningfully evaluate the portion of the opinion which opined moderate limitations in dealing with stress, or to otherwise account for stress-related limitations in the RFC determination. The Appeals Council accordingly directed that upon remand, the ALJ should "[g]ive further consideration to the . . . opinion of Dr. Ippolito." *Id*.

In the decision now appealed-from, the ALJ acknowledged Dr. Ippolito's opinion that plaintiff "can appropriately deal with stress with moderate limitations," but proceeded to "accord some weight to the opinion of Dr. Ippolito to the extent it is consistent with the residual functional capacity above, as he [sic] had the opportunity to examine the claimant and offered his [sic] opinion based upon the examination signs and findings . . . ." (Dkt. #5 at 1194).

Once again, the ALJ committed reversible error by failing to meaningfully consider whether limitations to account for stress were appropriate, and failing to either incorporate stress-related limitations into his RFC finding, or explain why he declined to credit that portion of Dr. Ippolito's opinion. Moreover, the ALJ's reasoning in according only "some weight" to Dr. Ippolito's opinion – crediting it only to the extent that it comported with his own pre-determined RFC finding – inappropriately relied on circular reasoning, rather than any of the factors properly considered in assessing medical opinion evidence. *See Faherty v. Astrue*, 2013 U.S Dist. LEXIS 44966 at *41 (E.D.N.Y. 2013)(ALJ's reasoning in according weight to a medical opinion based on its consistency with the ALJ's own RFC determination is "circular and flawed").

The ALJ was also directed on remand to consider an October 2016 opinion by treating nurse practitioner Megan Shea, which the prior ALJ had ignored, and to revisit opinions by plaintiff's treating physician Dr. Michael Calabrese, which the prior ALJ had rejected on improper grounds. On remand, the ALJ was specifically instructed to apply the evaluation standards relevant to claims which, like plaintiff's, were filed prior to March 27, 2017. (Dkt. #5 at 1309). Those regulations – which the Appeals Council helpfully cited (Dkt. #5 at 1310, citing 20 CFR 404.1527, 416.927) – required that, "the medical opinion of a claimant's treating physician is [to be] given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). In determining

4

what weight to give to the opinions of plaintiff's treating physicians such as Dr. Calabrese, the ALJ was obligated to consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. *Id*.

On remand, the ALJ accorded all of Dr. Calabrese's and NP Shea's opinions – which collectively specified that plaintiff required a sit/stand option and should avoid excessive or repetitive bending, squatting, pushing, pulling and climbing – "little weight." The ALJ's only stated rationale was that they were allegedly inconsistent, in unspecified ways, with portions of the one-time examination findings by a consulting physician, Dr. John Schwab (Dkt. #5 at 298-302), and with portions of the April 30, 2021 testimony of medical expert Dr. Arthur Lorber, who did not examine plaintiff, but reviewed the record and testified that there was no objective evidence of pathology that would support limitations with respect to plaintiff's shoulders. (Dkt. #5 at 1233-35).

The ALJ's assessment of Dr. Calabrese's and Ms. Shea's opinions is so cursorily and vaguely explained as to frustrate meaningful review, and fails to include any obvious application of the treating physician rule. This, too, necessitates remand.

In summary, the ALJ's improper reliance on circular reasoning, failure to consider medical opinion evidence consistent with the applicable legal standards, and failure to substantively address issues he was specifically directed to consider on remand, constituted legal error and was insufficient to discharge his duty to "take any action that is ordered." 20 C.F.R. §§404.977(b), 416.1477(b). Because I find that remand is necessary for a fresh consideration of plaintiff's claim and the issuance of a new decision, I decline to reach plaintiff's alternative arguments.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision failed to follow the directives issued by the Appeals Council on remand, was not supported by substantial evidence, and was the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #9) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is denied, and this matter is remanded for further proceedings. On remand, the ALJ should reassess the evidence of record in its entirety and in conformity with the Appeals Council's directives and the standards applicable to the consideration of medical opinion evidence, and render a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 3, 2023.